Filed 6/1/26  P. v. I.S. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>I.S.,<br><br>    Defendant and Appellant. | H053272<br>(Santa Clara County<br>Super. Ct. No. 23JV46054B) |

In March 2025, the juvenile court placed I.S. in a ranch program for six to eight months.  On appeal, I.S. contends the court abused its discretion in making this assignment.  Noting that the ranch placement expired in November 2025 at the latest, the Attorney General contends that I.S.'s appeal is moot.  We agree, and as this case does not raise any issue of broad public interest warranting consideration despite that mootness, we dismiss the appeal.

## I. BACKGROUND

### A. The Offenses

This case arises out of two incidents.  In the first incident, in May 2024, four juveniles stole a car, collided with another vehicle, and fled the scene.  Part of the incident was recorded, and staff at I.S.'s high school identified him as one of the juveniles involved.  In the second incident, in August 2024, I.S. walked up to a gas station

employee who was cleaning his car in the station's parking lot. I.S. demanded the employee's keys and lifted up his shirt to display a firearm with an extended magazine tucked into his waistband. The employee told I.S. (falsely) that the keys were still in the car, ran into the gas station lobby, locked the door, and called the police, who apprehended I.S. less than a quarter of a mile from the gas station.

## B. The Petition

On August 9, 2024, the district attorney filed a wardship petition alleging that I.S. committed unlawful taking and driving of a vehicle (Veh. Code, § 10851, subd. (a)), attempted carjacking (Pen. Code, §§ 215, subd. (a), 664), and unlawful possession of a concealed firearm (*id.*, § 25400, subd. (a)(2)).

A month later, I.S. was released to family custody under an electronic monitoring program. I.S. initially lived with his mother. However, in December 2024, I.S. and his mother were evicted from their apartment, and his maternal step-grandfather Christopher provided housing for him, albeit with the understanding that the arrangement would be short-term. I.S.'s father Jose was working to obtain housing at that time, and Christopher expected that I.S. would live with Jose eventually. However, Jose had been absent for much of I.S.'s childhood and had served prison time for drug and other offenses.

In February 2025, I.S. was reassigned to the community release program, but he was found to have left his grandfather's residence overnight without permission. I.S. also was occasionally absent from school without excuse, and he had several drug tests that were positive for marijuana. However, he attended make-up school sessions, and his unexcused absences stopped. I.S. also maintained a relationship with his girlfriend, who became pregnant in late 2024 or early 2025.

## C. The Jurisdictional Hearing

The juvenile court conducted a contested jurisdictional hearing in December 2024. After hearing testimony from the gas station employee and the police officer who

apprehended I.S. after the carjacking attempt, the juvenile court sustained the petition on the counts for the attempted carjacking and unlawful possession of a concealed firearm. However, on the prosecutor's motion, the court dismissed the unlawful taking and driving count.

## D. The Disposition

On March 20, 2025, the juvenile court conducted a contested dispositional hearing. The probation officer recommended community release with I.S.'s father, but also described I.S.'s gang involvement and opportunities for therapy, school courses, and gang intervention in the county ranch program. The juvenile court assigned I.S. to the ranch program. The court explained to I.S. that it wanted "a positive future for you and for your child," and it was "gravely concerned that if we don't do something more drastic now, that you're not going to have that positive future." If what was offered in the community was enough to keep I.S. out of jail, the court continued, it would happily have ordered community release. However, while I.S. had some supportive people in his life, the court was concerned about whether his father had "the capability and words to help guide you in the right direction when things get hard, because they're going to get hard." As a consequence, the juvenile court concluded that the ranch program was the best way to deal with the childhood trauma he had experienced and to ensure that he would get his high school diploma and be in a position to get a job and raise the child his girlfriend was expecting.

I.S. filed a timely notice of appeal.

## II. DISCUSSION

I.S. contends the juvenile court abused its discretion by placing him in the ranch program without substantial evidence to support that placement. Although the Attorney General argues that there is substantial evidence, he also contends that I.S.'s appeal is

moot given that I.S.'s ranch commitment expired months ago.  We agree that the appeal is moot and should be dismissed.

When, through no fault of the respondent, during the pendency of an appeal, effective relief for an appellant is rendered impossible on his claims, a reviewing court may dismiss the appeal as moot.  (See, e.g., *People v. Schaffer* (2020) 53 Cal.App.5th 500, 506; see also *People v. DeLeon* (2017) 3 Cal.5th 640, 645 (*DeLeon*) [" ' "[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for the court . . . to grant any effective relief, . . . the court . . . will dismiss the appeal" ' as moot."].)  In this case, I.S. requested that the order committing him to the ranch program be vacated and the case be remanded for imposition of less restrictive supervision.  However, because I.S. was committed to the ranch program for six to eight months in March 2025, the commitment expired in November 2025 at the latest.  As a consequence, the commitment to the ranch program can no longer be vacated.  Moreover, as there are no apparent collateral consequences to the commitment to the ranch program, retroactively vacating that commitment would not provide I.S. any relief.  (See *DeLeon*, at p. 645.)  Accordingly, as I.S. concedes in his reply, his appeal from the commitment to the ranch program is moot.

I.S. nevertheless urges us to review his commitment because it presents an issue of broad public interest that is likely to recur but evade appellate review because of the short duration of such commitments.  We decline to do so.  I.S. correctly observes that courts have discretion to address appeals that have become moot if they raise issues of continuing public importance that are likely to recur yet evade appellate review. (*DeLeon*, *supra*, 3 Cal.5th at p. 645.)  In addition, we agree that that restrictive juvenile commitments often expire before appellate courts can review them.  However, we do not agree that this case raises any issue of continuing public importance.  To the contrary, the trial court made a very fact-specific determination, based on I.S.'s specific characteristics,

4

circumstances, and family, that participating in the ranch program would give him the best possibility of securing a positive future for himself and for his child. While that determination was of great importance to I.S., it was based on the distinctive facts of this case, and review of that determination is unlikely to impact many, if any, other cases.

Accordingly, we conclude that this appeal is moot and not a fit case in which to exercise our discretion and reach the merits of I.S.'s claim.

### III. DISPOSITION

The appeal is dismissed as moot.

_____
BROMBERG, J.

WE CONCUR:

_____
DANNER, ACTING P. J.

_____
CHUNG, J.*

*People v. I.S.*
H053272

_____

       **\*** Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.